```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ANDRO REY HERRERA-MENDOZA,       :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :
                                 :    CASE NO. 3:05CV1195 (RNC)
EMILY BYRNE and JOSEPH L.        :
GEGENY,                          :
                                 :
    Defendants.                  :
                                 :

## ORDER

Pending before the court is the defendants' Motion for Sanctions (doc. #93).[1]  The defendants argue that the plaintiff should be sanctioned for certain of his discovery activities.

First, the defendants argue that plaintiff should be sanctioned for conducting any discovery at all.  They argue that their Rule 26(f) report stated their objection to any discovery being undertaken because of the likelihood that they would prevail on a motion to dismiss.  Defendants argue that once they made that objection, the burden was on plaintiff to obtain a court order permitting discovery.  Defendants have provided no authority in support of their position that merely asserting an objection to discovery in a 26(f) report automatically brings all

---

[1] The request for sanctions is part of a document entitled "Defendants' Objection to Plaintiffs' Motion to Compel, Motion to Amend the Amended Complaint and Cross Motion for Sanctions."  This ruling concerns only the defendants' Cross Motion for Sanctions, as the other issues have been ruled upon elsewhere.

discovery to a halt until the court orders otherwise.[2]

To the contrary, as plaintiff correctly points out, the court's Standing Order on Scheduling in Civil Cases specifically states that

> Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 16 but the parties may commence formal discovery immediately thereafter without awaiting entry of a scheduling order. . .

In addition, in this case, the court also issued an Order on Pretrial Deadlines stating in relevant part that

> Formal discovery pursuant to the Federal Rules of Civil Procedure may commence once the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e).

The defendants did not move to stay discovery until November 18, 2005.  Plaintiff was entitled to conduct discovery from the time that the parties held their conference pursuant to Rule 26(f) until the stay of discovery was entered.

The defendants next allege that the plaintiff misrepresented his identity to third parties in obtaining the production of documents.  The only concrete evidence they have provided is an affidavit by a hospital employee stating that someone who identified himself as "Mr. Martinez" called her, and that his

---

[2]Defendants apparently rely on Fed. R. Civ. P. 26(a)(1), which states that the initial disclosures required by Rule 26(a) need not be made until the court rules on any objections to such disclosures. Defendants do not explain why that rule should be interpreted to put a stop to all discovery.

voice sounded identical to the plaintiff's.  However, plaintiff has provided an innocent explanation in the form of an affidavit from a Paul Michael Martinez.  Martinez states that it was he who made the telephone call on behalf of the plaintiff.  Based on this affidavit, the court declines to issue sanctions on the basis of any misrepresentation by plaintiff.

The defendants also claim that the plaintiff violated the rules of discovery in relation to his deposition of Casey Reiboldt, an employee of South Royalton Health Center.  The deposition was originally scheduled for November 7, 2005, and it appears that plaintiff sent a written notice of the deposition to defense counsel in advance.

However, on November 2, 2005, at Ms. Reiboldt's request, plaintiff apparently rescheduled the deposition so that it would go forward on November 3, 2005 instead.  (Defs' Mem., Ex. B; Affidavit of Paul Kachevsky at ¶ 9.)  Even if the plaintiff informed defense counsel of that change on November 2, such one-day notice is not sufficient.  "A party desiring to take the deposition of any person upon oral examination shall give *reasonable notice* in writing to every other party to the action."  Fed. R. Civ. P. 30(b)(1).  Under the requirements of that rule, plaintiff should have rescheduled the deposition for later that month, permitting him to give the defendants adequate notice of the deposition.

3

The deponent, Casey Reiboldt, has submitted an affidavit stating that at the time the deposition was to commence, "I informed Mr. Mendoza that I could not discuss a medical file at all.  I then informed Mr. Mendoza that he needed to speak to the legal counsel of the South Royalton Health Center this matter [*sic.*]. I then ended the deposition."  (Dec. 1, 2005 Affidavit of Casey Reiboldt in support of Defs' Mem., ¶ 6.)

According to her own affidavit, Casey Reiboldt's deposition ultimately did not go forward, so the defendants were not prejudiced by the late notice.  The court therefore will not sanction the plaintiff for his failure to provide reasonable notice of the deposition.  The plaintiff is warned, however, that failure to provide reasonable notice of a deposition to all parties is a violation of the Federal Rules of Civil Procedure and that failure to comply with this rule in the future may subject him to sanctions.

The defendants next argue that the plaintiff failed to serve them with copies of non-party subpoenas.  Rule 45(b)(1), which governs service of subpoenas, specifically provides that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)."  Courts have held that this rule requires notice to all parties before service of the subpoena. Schweizer v. Mulvehill, 94 F. Supp. 2d 376, 411-12

(S.D.N.Y. 2000)("The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date").  But see Seewald v. IIS Intelligent Info Sys., Ltd., No. 93CV5252, 1996 U.S. Dist. LEXIS 22497, *12-15 (E.D.N.Y. Oct. 16, 1996)(where opposing party learned of subpoena prior to the production of any documents, it was not prejudiced by violation of notice requirement).  "The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Schweizer, 94 F. Supp. 2d at 411.  See also Cootes Drive LLC v. Internet Law Library, Inc., No. 01Civ.0877, 2002 U.S. Dist. LEXIS 4529, *3-7 (S.D.N.Y. Mar. 19, 2002) (entering sanctions for defendant's admitted violation of notice requirement of Rule 45(b)(1)).

Most of the subpoenas issued by the plaintiff did not lead to either depositions or the production of documents.  As to the subpoenas issued to Greenwich Hospital and Norwalk Hospital, each of those institutions successfully moved to quash the subpoenas that the plaintiff served on them.  (Docs. # 49, 53.)[3]  South

---

[3] The subpoena by which the plaintiff allegedly obtained copies of a defendant's gynecological records was not a subpoena issued in this matter but a Connecticut Superior Court subpoena issued in relation to one of plaintiff's state court cases. According to the defendants, that subpoena was issued by an attorney representing the plaintiff in the state court action, rather than by the plaintiff himself. The propriety of that subpoena is therefore not

5

Royalton Health Center apparently also did not comply with the subpoena, because plaintiff later filed a motion to compel. (Doc. # 65.)  The court need not decide whether any of these subpoenas were issued in violation of Rule 45(b)(1) because no documents were produced and the defendants have not been prejudiced.  See Seewald v. IIS Intelligent Info Sys., Ltd., No. 93CV5252, 1996 U.S. Dist. LEXIS 22497, *12-15 (E.D.N.Y. Oct. 16, 1996)(denying motion for sanctions where opposing party was not prejudiced by violation of notice requirement).

One of plaintiff's subpoenas was more successful, however. Avalon Harbor Apartments produced documents in response to plaintiff's subpoena.  Defense counsel states that he did not learn of the subpoena directed to Avalon Harbor Apartments until after the return date of the subpoena and after the documents had been produced.  (Defs' Mem. at 5.)  The plaintiff does not provide any evidence to the contrary; indeed, the facsimile cover page he has attached also suggests that the defendants learned of the subpoena on or after the return date.  (Pl's Mem. at 5, Ex. B.) The plaintiff violated the notice requirement of Fed. R. Civ. P. 45(b)(1) by his subpoena to Avalon Harbor Apartments.

The defendants have not given the court any indication of

---

before this court.

how they have been prejudiced by this violation[4] or how the court can meaningfully remedy the violation.  The court grants the defendants the costs of this motion.  If the case is not dismissed, the defendants may file a motion to preclude the Avalon Harbor Apartments documents at trial.

Discovery in this matter has been stayed.  If and when the stay is lifted, however, the plaintiff is warned that he must comply with the requirements of Fed. R. Civ. P. 45 and that failure to comply with this rule in the future may subject him to additional sanctions, including dismissal.

For all these reasons, the defendants' motion for sanctions is granted in part and denied in part.

SO ORDERED at Hartford, Connecticut this 29th day of September, 2006.

```
                      _____/s/_____
                      Donna F. Martinez
                      United States Magistrate Judge
```

---

[4]The defendants characterize the information plaintiff obtained from Avalon Harbor Apartments as "confidential financial and personal information."  The plaintiff responds that no confidential financial information was obtained and that all he obtained was lease dates.