```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ANDRO REY HERRERA-MENDOZA,      :
                                :
     Plaintiff,                 :
                                :
     v.                         :
                                :    CASE NO. 3:05CV1195 (RNC)
EMILY BYRNE and JOSEPH L.       :
GEGENY,                         :
                                :
     Defendants.                :
                                :
```

## ORDER ON MOTIONS FOR SANCTIONS

Pending before the court are a series of motions for Rule 11 sanctions filed by the plaintiff and the defendants.

**A.   Plaintiff's Motions for Rule 11 Sanctions**

Plaintiff has filed three motions seeking Rule 11 sanctions and entry of civil contempt orders against the defendants because they allegedly did not serve him with copies of certain documents by certified mail, as required by the court's 2/8/06 order (doc. #112). Pursuant to Rule 5, "Service by mail is complete on mailing." See also Raimond v. United States, 2004 U.S. Dist. LEXIS 5009, *2 (W.D.N.Y. 2004) (holding that the critical event under Rule 5 is the mailing of documents, not their receipt); Moore's Federal Practice § 5.04[2][a][ii]. The court's ruling required that all filings "shall be *sent* by certified mail." (Doc. #112, emphasis added.) Therefore, the defendants' submission of evidence that they mailed the documents via

certified mail is sufficient to show compliance with the court's order.[1]

Plaintiff's motions are also procedurally deficient for failure to comply with the 21-day notice requirement of Rule 11(c)(1)(A).  See <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1327-28 (2d Cir. 1995) (rejecting motion for Rule 11 sanctions because the record did not indicate that nonmovant was served twenty-one days prior to the sanctions motion).[2]  The plaintiff's motions for sanctions (docs. #141, 150 and 160) are denied.

**B.   Defendants' Motions for Rule 11 Sanctions**

The defendants have moved for Rule 11 sanctions against the plaintiff because his motions for sanctions were frivolous and were filed without any inquiry to determine whether the documents were in fact sent by certified mail.  The court denies the defendants' motions for sanctions because defendants have failed to comply with the 21-day notice requirement under Rule 11(c)(1)(A).

**C.   Conclusion**

The plaintiff's Motion for Civil Contempt and Sanctions

---

[1] Moreover, plaintiff apparently did receive all of the documents items via email and/or ECF/Pacer.

[2] Plaintiff also seeks sanctions because defendants' attorney, Paul Kachevsky, has failed to comply with the requirements of Local Rule 83.1(c).  However, Mr. Kachevsky's address of record is within the state of Connecticut, and the rule does not require him to have a local telephone number.  The court does not find a violation of Local Rule 83.1(c) on these facts.

(doc. #141), Second Motion for Civil Contempt and Sanctions (doc. #150), and Third Motion for Civil Contempt and Sanctions (doc. #160) are denied. The defendants' Motions for Sanctions Pursuant to FRCP 11(c) (docs. # 144, 156, and 162) are also denied.

SO ORDERED at Hartford, Connecticut this 3rd day of October, 2006.

```
               _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge
```