UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRO REY HERRERA-MENDOZA, :
:
    Plaintiff, :
:
    v. :
: CASE NO. 3:05CV1195 (RNC)
EMILY BYRNE and JOSEPH L. :
GEGENY, :
:
    Defendants. :

**ORDER**

Pending before the court are a series of motions filed by the plaintiff (docs. #224, 225, 226, 227, 228). In addition to his substantive motions, the plaintiff asks that his deadline to object to the pending Motion to Dismiss be extended pending the completion of certain discovery.[1] The court denies the plaintiff's motions but grants him an extension until July 2, 2007 to file his opposition to the Motion to Dismiss.

A. <u>Motion for a Limited Discovery Order- doc. #226</u>

The plaintiff first moves for an order permitting him to conduct limited discovery as to whether defendant Gegeny is or has been employed by a state agency, such that he could be considered a state actor, and as to his relationship with defendant Emily Byrne. (Doc. #226.) The plaintiff argues that he should be permitted to conduct "discovery related to any state or

---

[1] Four of the five pending motions (docs. #224, 225, 226, 227) were filed two days before the deadline for the plaintiff to file his objection to the pending Motion to Dismiss. The plaintiff's objection was originally due in February, 2007. The court already granted one extension of that deadline (doc. #216).

public employment defendant Joseph Gegeny, Esq. has engaged in from January 2004 to present."[2] (Doc. #226 at 2.) He contends this is necessary because "upon information and belief, defendant Joseph Gegeny, Esq., maintained employment with a state employer during the alleged abridgement of plaintiff rights wherein, such employment supports plaintiff averment that defendant Joseph Gegeny, Esq., acted in a capacity as a state actor under color of law." [*sic*] (Doc. #226 at 1.)

Attorney Gegeny is counsel to defendant Emily Byrne in certain state court actions relating to the plaintiff's claims that he is the father of defendant Byrne's infant daughter. (See Second Am. Compl. ¶7.) The plaintiff alleges that Attorney Gegeny conspired with his client to deprive the plaintiff of his parental rights. (See, e.g., id., ¶7, 19(l), 23, 25, 32.) The plaintiff does not identify any basis for his suggestion that the defendant attorney might have been employed by the state. However, even if Attorney Gegeny has or previously had some affiliation or employment with a state agency, the plaintiff has identified nothing to suggest that his representation of Ms. Byrne as her attorney was undertaken as part of such employment. "Discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." Gear,

---

[2]The plaintiff also seeks discovery as to when defendant Gegeny first met defendant Byrne and the nature of their relationship prior to his retainer as her counsel. These topics are irrelevant either to the court's jurisdiction or to the motion to dismiss.

2

Inc. v. L.A. Gear Cal., Inc., 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986). The plaintiff's motion is denied.

B. <u>Motion for Appointment of a Guardian *ad litem*– docs. 227, 228</u>

The plaintiff next moves pursuant to Fed. R. Civ. P. 17(c) for the appointment of a guardian *ad litem* to represent the minor child. (Doc. #227.) In a subsequent Amended Motion for Appointment of a Guardian *Ad Litem*, the plaintiff specifically requests that the court appoint Diane Belinkie, Esq. as the guardian *ad litem* based on plaintiff's representation that Ms. Belinkie agreed to such appointment. (Doc. #228.)

The court has carefully reviewed the plaintiff's Second Amended Complaint. Under the relevant standard of review, the court finds that appointment of counsel is not warranted at this time. <u>See</u> <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61-62 (2d Cir. 1986) (setting forth standard of review for motions to appoint counsel); <u>Dunbar v. Colasanto</u>, No. 3:05 CV 1234 (CFD), 2006 U.S. Dist. LEXIS 13213 (D. Conn. 2006) (applying <u>Hodge</u> standard in declining to appoint guardian *ad litem*). The fact that Attorney Belinkie may have agreed to be appointed as guardian *ad litem* does not affect the analysis. Plaintiff's motions for appointment of a guardian *ad litem* are denied.

C. <u>Motion for a Pretrial Conference– doc. 225</u>

Plaintiff next moves for a pretrial conference to discuss his belief that "a bifurcated reply to defendant['s] motion to dismiss; [doc. #206], would alter the focus and application of

3

law materially to each defendant, prejudice and require the plaintiff to reply in isolation without the benefit of discovery while impeding judicial economy." (Doc. #225 at 1.) The court understands this to be a request to stay briefing on the motion to dismiss until the bankruptcy stay applicable to defendant Emily Byrne is lifted. The court does not perceive any difficulty in the resolution of defendant Gegeny's motion to dismiss despite the bankruptcy stay of the case against defendant Emily Byrne and does not require a pretrial conference at this time.

D. <u>Motion to Hold Motion to Dismiss in Abeyance- doc. # 224</u>

Finally, the plaintiff asks the court to "hold in abeyance" his deadline to reply to the motion to dismiss. (Doc. #224.) The motion is denied.

The court hereby grants the plaintiff a thirty-day extension of time to file his opposition to the defendant's motion to dismiss. The opposition shall be filed on or before July 2, 2007. Further requests for extension of time will be viewed with disfavor.

SO ORDERED at Hartford, Connecticut this 1st day of June, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge